Filed 6/17/15  In re C.K. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re C.K. et al., Persons Coming Under the Juvenile Court Law. | B259834 |
| _____ | (Los Angeles County |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Super. Ct. No. DK05107) |
| Plaintiff and Respondent, | |
| v. | |
| M.M., | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Tony Richardson, Judge.  Modified and affirmed.

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

_____

M.M. (mother) challenges the juvenile court's jurisdictional and dispositional order regarding her sons C.K. (born in 2002) and J.K. (born in 2004). Specifically, she argues the fact that her live-in male companion, A.M., was a registered sex offender is insufficient to establish jurisdiction. We agree and modify the order to strike the allegations based on A.M.'s status as a registered sex offender. In all other respects, the order is affirmed.

**FACTUAL AND PROCEDURAL SUMMARY**

The family has had an extensive dependency history, with numerous referrals against mother and the children's father, D.K., and a voluntary family maintenance case in 2004 to address the parents' substance abuse issues. Based on a 2013 family law order, the children lived with father, and visited mother during school breaks. In March 2014, mother's live-in companion, A.M., was arrested for hitting mother in the face during an altercation while the children were in the home.

During the subsequent investigation by the Department of Children and Family Services (DCFS), mother tested positive for amphetamines and methamphetamines. DCFS also discovered that A.M. was a registered sex offender. He was arrested in 1991 for rape by force, kidnapping, robbery, and assault with a deadly weapon, not a firearm. He was convicted of rape by force under Penal Code section 261 and was sentenced to eight years in prison; the other charges were dropped. Since then, A.M. had had several arrests and convictions for domestic violence. In 2010, he had been convicted of failing to register as a sex offender.

Mother had let A.M. stay with her for about a year because he was homeless, and there was evidence she had left the children alone with him on at least two occasions. The children reported they did not like A.M. because he was "mean" to them and their mother, but they denied that he had abused them physically or sexually.

2

Mother admitted A.M. had been abusive with her, and she obtained a restraining order against him in early April 2014. Nevertheless, in late April, a social worker found A.M. asleep in mother's bed, and in June 2014, mother was seen with fresh bruises, which she admitted were inflicted by A.M.

DCFS filed a petition under Welfare and Institutions Code section 300, subdivisions (a), (b)(1), and (d). The sole allegation under subdivision (a) was that mother and A.M. had a history of violent altercations in the children's presence, and that mother allowed A.M. to reside in the home and have unlimited access to the children (count a-1). The same allegation was repeated in count b-1. Two other allegations were made under subdivision (b)(1): that mother's drug history and current drug use endangered the children (count b-2), and that mother placed the children at risk of "physical harm, damage, danger, sexual abuse and failure to protect" by allowing A.M., a registered sex offender, to reside in her home and to have unlimited access to the children (count b-3). The latter allegation was repeated in count d-1, which was pled under subdivision (d).

The children were detained from mother and released to father. At the combined jurisdictional and dispositional hearing in September 2014, the children's counsel questioned whether A.M.'s sex offender status, without more, placed the children at risk of sexual abuse. The court noted the allegations were based not only on A.M.'s status, but on the "violent nature" of the crime that required him to register as a sex offender. The court sustained the allegations in the petition, declared the children dependents of the court, and ordered monitored visits for mother until she completed a domestic violence for victims program, individual counseling to address case issues, substance abuse treatment and random testing. The court then terminated jurisdiction with an order granting father full physical and legal custody.

This appeal followed.

## DISCUSSION

Mother acknowledges that because she does not contest all jurisdictional findings against her, we would not reverse the jurisdictional order. Generally, a single jurisdictional finding supported by substantial evidence is sufficient to support jurisdiction and moots the challenge to the other findings. (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) But we have discretion to consider the merits of a parent's appeal "in an abundance of caution" if the challenged finding could prejudice the parent in the future. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1485; see also *In re Alexis E.*, at p. 451; *In re D.C.* (2011) 195 Cal.App.4th 1010, 1015.)

We agree with mother that the sustained counts b-3 (that she exposed her children to a substantial risk of physical harm, including sexual abuse) and d-1 (that she failed to protect them from sexual abuse) are pernicious. The two counts raise sexual abuse as an issue, and child sexual abuse carries a particular stigma. We therefore consider mother's challenge to the court's findings on those counts.

"We review the juvenile court's jurisdictional findings for sufficiency of the evidence. [Citations.] We review the record to determine whether there is any substantial evidence to support the juvenile court's conclusions, and we resolve all conflicts and make all reasonable inferences from the evidence to uphold the court's orders, if possible. [Citation.] 'However, substantial evidence is not synonymous with any evidence. [Citations.] A decision supported by a mere scintilla of evidence need not be affirmed on appeal. [Citation.] Furthermore, "[w]hile substantial evidence may consist of inferences, such inferences must be 'a product of logic and reason' and 'must rest on the evidence' [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations]." [Citation.] "The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record." [Citation.]' [Citation.]" (*In re David M.* (2005) 134 Cal.App.4th 822, 828, italics omitted.)

Welfare and Institutions Code section 300, subdivision (b) gives the juvenile court jurisdiction over a child if "[t]he child has suffered, or there is a substantial risk that the

4

child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . ." Section 300, subdivision (d) allows for jurisdiction over a child when "[t]he child has been sexually abused, or there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent or guardian or a member of his or her household, or the parent or guardian has failed to adequately protect the child from sexual abuse when the parent or guardian knew or reasonably should have known that the child was in danger of sexual abuse."

DCFS argues A.M.'s status as a registered sex offender creates a presumption of risk under those subdivisions, which mother failed to rebut. The statutory presumption is set forth in Welfare and Institutions Code section 355.1, subdivision (d), on which DCFS relies on appeal. That statute provides: "Where the court finds that either a parent, a guardian, or any other person who resides with, or has the care or custody of, a minor who is currently the subject of the petition filed under Section 300 (1) has been previously convicted of sexual abuse as defined in Section 11165.1 of the Penal Code, (2) has been previously convicted of an act in another state that would constitute sexual abuse as defined in Section 11165.1 of the Penal Code if committed in this state, (3) has been found in a prior dependency hearing or similar proceeding in the corresponding court of another state to have committed an act of sexual abuse, or (4) is required, as the result of a felony conviction, to register as a sex offender pursuant to Section 290 of the Penal Code, that finding shall be prima facie evidence in any proceeding that the subject minor is a person described by subdivision (a), (b), (c), or (d) of Section 300 and is at substantial risk of abuse or neglect. The prima facie evidence constitutes a presumption affecting the burden of producing evidence." (Welf. & Inst. Code, § 355.1, subd. (d).)

DCFS acknowledges that the presumption was not cited in the juvenile court, and mother argues it has been forfeited. Generally, one party's failure to clearly invoke a rebuttable presumption in the court below deprives the other side and the court of notice of the issue presented, and the presumption may not be raised for the first time on appeal. (See *In re A.S.* (2011) 202 Cal.App.4th 237, 243 [insufficient notice of Welf. & Inst.

5

Code, § 355.1, subd. (a) presumption], but see *In re D.P.* (2014) 225 Cal.App.4th 898, 904 [sufficient notice if petition borrows Welf. & Inst. Code, § 355.1, subd. (a) language].)  In *In re Ricky T.* (2013) 214 Cal.App.4th 515, the only published case to have considered the forfeiture of the presumption in Welfare and Institutions Code section 355.1, subdivision (d), that presumption had been clearly raised and relied on at the jurisdictional hearing, without an objection or request for a continuance.  In addition, since he was the registered sex offender, the appellant had unique knowledge of the facts of his conviction.  (*Id*. at p. 522.)

In contrast, here, while DCFS's petition relied on A.M.'s registered sex offender status, it did not cite Welfare and Institutions Code section 355.1, subdivision (d) or borrow any distinctive language from it.  There is no indication that DCFS or the juvenile court relied on the presumption at the jurisdictional hearing.  Mother had no notice of or opportunity to object to the application of the presumption before this appeal, and she is in no better position than DCFS to know the facts underlying A.M.'s conviction.

Regardless, as noted in *In re Quentin H.* (2014) 230 Cal.App.4th 608, 615–616, the statute's legislative history indicates the Legislature's intent that the presumption in Welfare and Institutions Code section 355.1, subdivision (d) has conclusive effect only if the conviction is recent, involves child sexual abuse, and there is evidence of risk to the child that is subject to the court's jurisdiction.  '"Only if the person [with the history of serious sexual abuse] has a *recent* conviction for a serious sexual offense involving a child (it must be both recent and involve a child or there would then be "some evidence" that there is no risk to the child in question), *and* the person was unable to present *any* evidence to show that there was no risk to the child, only then would the prima facie evidence translate into a basis for the juvenile court to assert jurisdiction over the minor.' (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 208 (1999–2000 Reg. Sess.) as amended May 13, 1999, pp. 5–6, italics added.)"  (*In re Quentin H.*, at p. 616.)

The appellant in *In re Ricky T., supra,* 214 Cal.App.4th 515 had been convicted under Penal Code section 288, subdivision (a) for molesting one of his minor step granddaughters just months before the jurisdictional hearing; there was evidence he also

6

had recently molested his other minor step granddaughter. (*In re Ricky T.*, at pp. 519–520.) With or without the presumption, the evidence in that case overwhelmingly established a risk that the appellant's three-year-old grandson was at risk of being exposed to the sexual molestation of other children in the same household, if not directly at risk of sexual abuse himself. (*Id*. at. p. 523.)

Not so here. DCFS's own evidence shows A.M.'s conviction of rape with force under Penal Code section 261 was over twenty years old. DCFS's position in the jurisdictional report was that although A.M. "was not convicted of a sex crime against children," he was convicted of "a violent sexual act" and continued to exhibit violent behavior in mother's home. The juvenile court adopted DCFS's rationale. It focused on the "violent nature of the act which was rape by force," and failed to make any findings on the sexual abuse allegations in the petition. The court, thus, considered A.M.'s rape conviction as additional evidence that A.M. was a violent individual, not that he was a sexual predator. But the purpose of sex offender registration is to keep track of persons likely to commit *sexual* offenses in the future (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78), not to keep track of violent individuals in general.

In addition to the rape conviction, A.M.'s criminal history since 2000 was replete with instances of and at least one conviction for domestic violence, for which he served a four-year prison term. Thus, his entire criminal history could have supported an allegation under subdivision (b) that mother exposed her children to risk of harm by allowing a violent individual to have access to them. But counts b-3 and d-1 did not allege generally the children were at risk of physical harm because A.M. had committed violent crimes. Rather, they alleged in relevant part that the children were at risk of *sexual* abuse because A.M. was a registered sex offender. The court unnecessarily confused and complicated the case against mother by sustaining counts b-3 and d-1 as written.

Because the sexual abuse allegations in counts b-3 and d-1 based on A.M.'s sex offender registration are not supported by the evidence and do not appear necessary to the court's findings of jurisdiction, they should be stricken.

7

## DISPOSITION

Counts b-3 and d-1 of the Welfare and Institutions Code section 300 petition are stricken.  The jurisdictional and dispositional order is affirmed as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


COLLINS, J.

8